(110 App. Div. 728)

PEOPLE ex rel. BROOKLYN UNION GAS CO. v. LITTLETON, President of
Borough of Brooklyn, et al.

(Supreme Court, Appellate Division, Second Department.  January 12, 1906.)

GAS—FRANCHISES OF GAS COMPANY.

    The common council of a city, having the power to confer a franchise
    on a gas lighting corporation, by passing resolutions contemplating and
    providing for execution of contracts with a gas company for lighting
    certain territory of the city gives the consent requisite to confer a fran-
    chise on the company.

Appeal from Special Term, Kings County.

Mandamus by the people of the state of New York, on the relation
of the Brooklyn Union Gas Company, against Martin W. Littleton, as
president of the borough of Brooklyn and others.  From an order
granting a peremptory writ commanding defendants to issue and de-
liver to relator permits to open Flatbush avenue in the Thirty-Second
Ward of the borough of Brooklyn for the purpose of connecting cer-
tain gas mains, defendants appeal.  Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD,
JENKS, and RICH, JJ.

James D. Bell, for appellants.
William N. Dykman, for respondent.

PER CURIAM.  To sustain the order which this appeal brings up
for review it is not necessary to assert the broad doctrine that a fran-
chise to light the streets of a city extends with the enlargement of
the city so as to embrace territory not within its boundaries when the
franchise was originally granted.  That doctrine finds support in some
of the language in the case of the St. Louis Gas Light Co. v. The City
of St. Louis, 46 Mo. 121, although there was an element of estoppel in
that case sufficient of itself to sustain the conclusion reached.  We
should hesitate to affirm this order, however, if its adoption were neces-
sary to uphold the position of the relator in the present case.

The question presented by the appeal is whether the Brooklyn Union
Gas Company has acquired a franchise to supply gas to the territory
which formerly constituted the town of Flatlands, and subsequently
became the Thirty-Second Ward of the city of Brooklyn, and is now in-
cluded within the limits of the City of New York.  It appears that in
1897, before the original Greater New York Charter (chapter 378,
p. 1, of the Laws of 1897) took effect, the common council of the city
of Brooklyn duly adopted resolutions contemplating and providing for
the execution of contracts with the Brooklyn Union Gas Company for
the lighting of territory in the said Thirty-Second Ward.  At that time
the common council of Brooklyn, like the common council of New
York, was vested with the power to give the consent requisite to con-
fer a franchise upon a gas-lighting corporation.  Ghee v. Northern
Union Gas Co., 158 N. Y. 510, 516, 53 N. E. 692.  No particular form
in which such consent must be given was prescribed by law.  People
ex rel. N. Y. & R. Gas Co. v. Cromwell, 89 App. Div. 291, 294, 85
N. Y. Supp. 878.  We think that the action of the Brooklyn common

council, in passing the resolutions to which reference has been made, may fairly be regarded as the giving of the required consent; and in this view the action of the court at Special Term, in granting the peremptory writ of mandamus, was clearly correct. Any other interpretation of the resolutions would make them ineffective and meaningless, and would attribute to the common council an intention of putting the relator to trouble and expense for the benefit of the people of the city, and, at the same time, denying to it any possible return for its labor,. material, and expenditure.

Order affirmed, with $10 costs and disbursements.

